EXHIBIT A

**Importance:**        High

---

<span style="color:red">***Please Confirm Receipt of this Legal Document***</span>

Dear Tania,

Attached is a Summons and Complaint concerning the following case:

_____

| | |
|---|---|
| **Entity Served:** | STEARNS NURSING AND REHABILITATION CENTER, LLC |
| **Title of Action:** | SUSAN ROLENS V. STEARNS NURSING AND REHABILITATION CENTER, LLC ET AL |
| **Case No:** | 2021L 000701 |
| **Court:** | In the Circuit Court for the Third Judicial Circuit, Madison County, Illinois |
| **Attorney/Sender:** | John Hipskind, Attorney |
| **Documents served:** | 30 day Summons, Complaint, and Rule 222 Affidavit |
| **Service By:** | Process Server |
| **Date of Service:** | 06/21/2021 |
| **State Received:** | Illinois |
| **Answer or Appearance date:** | 30 days |

<span style="color:red">Please note that the documents were addressed to "STEARNS NURSING & REHABILITATION CENTER, LLC", but that the state lists your entity name as "STEARNS NURSING AND REHABILITATION CENTER, LLC".
If you want us to return the documents to sender as improperly served, please let me know.</span>

*As you have instructed, we will not forward the hard copy.*

Kind regards,

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed.  If you have received this email in error, please notify the system manager.  Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of the organization.  Finally, the recipient should check this email and any attachments for the presence of viruses.  United Corporate Services, Inc. accepts no liability for any damage caused by any virus transmitted by this email.

STATE OF ILLINOIS
IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS
155 N Main St., Edwardsville, IL 62025
(618)296-4420
madisoncountycircuitclerkIL.org

<u>30 DAY SUMMONS</u>

SUSAN ROLENS, Individually and as Special
Administrator of the Estate of MARY DELL
WHITSELL, deceased,

                **PLAINTIFFS**

        vs

STEARNS NURSING & REHABILITATION
CENTER, LLC and AURORA CARES, LLC
d/b/a TARA CARES, LLC

              **DEFENDANTS**

Date:     June 17, 2021

Case No:   **2021L 000701**

**DEFENDANT: UNITED CORPORATE SERVICES, INC., 901 S 2ND ST. STE 201, SPRINGFIELD, IL 62704**

You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this Court, **within 30 days after this service of this summons**, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in the complaint.

This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

Witness: , Clerk of said Circuit Court and the seal thereof, at Edwardsville, Illinois, this June 17, 2021.



SEAL

(Plaintiff's Attorney)

**Thomas McRae**
Clerk of the Circuit Court

By: /s/ Stacey Turner
Deputy Clerk

Date of Service:_____6 / 21_____, 20 21.
(To be inserted by officer on the copy left with the defendant or other person)

**The Madison County Court makes every effort to comply with accessibility laws and provides reasonable accommodations to persons with disabilities. Hearing, visual, and other assistance may be arranged by contacting our Court Disability Coordinator, Teri Picchioldi at 618-296-4884.**

Case No:

STATE OF ILLINOIS}
MADISON COUNTY}ss

I,_____, Sheriff of said county, have duly served the within summons on the
defendant_____ by leaving a copy thereof with said defendant personally, on
the_____ day of_____, 20_____.

I have duly served the said summons on the defendant,_____ on the _____
day of_____, 20_____, by leaving a copy of said summons on said date at his
usual place of abode with _____, a person of the family of said
_____ of the age of 13 years or upwards and by informing such persons with whom said
summons was left of the contents thereof and by also sending a copy of said summons on the_____ day of
_____, 20_____, in a sealed envelope, with postage fully prepaid, addressed to said
defendant _____ at his usual place of abode, as stated hereinabove in my return.

Dated this _____day of_____ 20_____.

_____
Sheriff

Sheriff's Fees

| | |
|---|---|
| Service | $_____ |
| Making Copies | $_____ |
| Miles Traveled | $_____ |
| Copies | $_____ |
| Return | $_____ |
| Total | $_____ |

PLAINTIFF

vs

DEFENDANT

***EFILED***
Case Number 2021L 000701
Date: 6/17/2021 11:42 AM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT FOR THE THIRD JUDICAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| SUSAN ROLENS, Individually and as Special Administrator of the Estate of MARY DELL WHITSELL, deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| STEARNS NURSING & REHABILITATION CENTER, LLC, and AURORA CARES, LLC d/b/a TARA CARES, LLC, | ) ) ) ) |
| Defendants. | ) |

2021L 000701

## **COMPLAINT**

NOW COMES Plaintiff, Susan Rolens, Individually and as Special Administrator of the Estate of Mary Dell Whitsell, deceased, by and through her attorneys, Hipskind & McAninch, LLC, and for her Complaint, states as follows:

1.     Plaintiff, Susan Rolens, is the Special Administrator of the Estate of Mary Dell Whitsell, deceased (hereafter "Mary Dell Whitsell").

2.     At all relevant times, Mary Dell Whitsell was a resident of Stearns Nursing & Rehabilitation Center, LLC (hereafter "Stearns Nursing & Rehabilitation Center") and was a citizen of and was domiciled in the State of Illinois.

3.     At all relevant times, Stearns Nursing & Rehabilitation Center, located at 3900 Stearns Avenue, Granite City, St. Clair County, Illinois, was an Illinois corporation doing business in Illinois, and is therefore within this Court's jurisdiction.

4.     At all relevant times, Aurora Cares, LLC, d/b/a Tara Cares, LLC (hereafter "Tara Cares"), was an Illinois corporation doing business in Illinois, and is therefore within this Court's jurisdiction.

5.    At all relevant times, Stearns Nursing & Rehabilitation Center was a long-term care facility, commonly referred to as a nursing home, and was licensed to operate, did operate and does operate Stearns Nursing & Rehabilitation Center as a long-term care facility, convalescent center, nursing home within the meaning of the Nursing Home Care Act. 210 ILCS 45/1-101 et. seq.

6.    At all relevant times, Tara Cares was the management company for Stearns Nursing & Rehabilitation Center.

7.    At all relevant times, Tara Cares, operated, managed, maintained and/or controlled Stearns Nursing & Rehabilitation Center.

8.    At all times relevant, Defendants knew Mary Dell Whitsell had a propensity to fall and had fallen numerous times while under their care.

9.    On or about January 30, 2021, Mary Dell Whitsell fell and exacerbated a a closed head injury she sustained from previous falls causing her intense pain and suffering and ultimately her death.

10.    Defendants reside in Madison County, Illinois; furthermore, transactions and occurrences which are the subject of this action occurred in Madison County; therefore, venue is proper under ILCS Ch. 735, ACT 5, Art. II, Pt. 1.

11.    This action is brought pursuant to Nursing Home Care Act, 210 ILCS 45/3-601, which, at all times relevant was in effect, and which states:

> "The owner and licensee are liable to a resident for any intentional or negligent act or omission of their agents or employees which injures the resident."

**COUNT I**
**(Stearns Nursing & Rehabilitation Center, LLC – Illinois Nursing Home Act)**

12.    Plaintiff incorporates all general allegations by reference as if pleaded herein in full.

13.    At all relevant times, Defendant had a duty to provide suitable and adequate medical, nursing and personal care for its residents and to provide them with the necessary care and services to attain or maintain their highest practicable physical and mental well-being.

14.    At all relevant times, Defendant had a duty to prevent its residents, including Mary Dell Whitsell, from being inflicted with physical or emotional injury or harm.

15.    At all relevant times, Defendant, individually and through its agents and employees, breached the aforementioned duties owed to Mary Dell Whitsell by way of one or more of the following negligent acts or omissions, of which it knew or should have known, in that it:

(a)    Failed to provide Mary Dell Whitsell with appropriate nursing and medical care and treatment in accordance with accepted standards of care;

(b)    Failed to provide adequate training of its employees to care for Mary Dell Whitsell in accordance with accepted standards of care;

(c)    Failed to assure its staff properly assessed and monitored Mary Dell Whitsell within accepted standards of care;

(d)    Failed to properly document assessments, care and monitoring of Mary Dell Whitsell within accepted standards of care;

(e)    Failed to assure sufficient numbers of nursing and/or nursing aid staff to care for Mary Dell Whitsell;

(g)    Failed to keep Mary Dell Whitsell's environment free of accident hazards;

(h)    Failed to implement safety precautions to protect Mary Dell Whitsell from falling when they knew or should have known that she had a known propensity to fall;

(i)    Failed to secure a sufficient, accurate and/or current individual care plan for Mary Dell Whitsell;

(j)    Failed to secure for Mary Dell Whitsell the necessary care and services to attain or maintain the highest practicable physical and mental well-being;

(k)    Failed to timely obtain medical attention, treatment and services for Mary Dell Whitsell after she sustained injuries;

(l)    Failed to promulgate and implement adequate policies and procedures to assure that personal care was provided to Mary Dell Whitsell on a uniform and uninterrupted basis;

(m)    Failed to properly train and supervise any and all agents, employees, servants, and nursing staff when caring for Mary Dell Whitsell to prevent and protect her from falls and injuries;

(n)    Failed to provide Mary Dell Whitsell with the assistance she required for daily living activities;

(o)    Failed to transfer Mary Dell Whitsell to another facility when it could no longer meet her needs; and/or

(q)    Failed to appropriately train the staff responsible for the care and monitoring of Mary Dell Whitsell.

16.    The foregoing acts and omissions demonstrate that Defendant, individually and through its employees and agents, was negligent and acted in reckless disregard of Mary Dell Whitsell's safety in that Mary Dell Whitsell had previously fallen while a resident at Stearns Nursing & Rehabilitation Center, and they knew of should have known of Mary Dell Whitsell's susceptibility to falls, but failed to exercise ordinary care to prevent her from falling and sustaining injuries.

17.    As a direct and proximate result of one or more of the foregoing acts and/or omissions, Mary Dell Whitsell received care and treatment below the standard of care, constituting negligence, and as a result of receiving negligent treatment, Mary Dell Whitsell fell on or about January 30, 2021 Mary Dell Whitsell fell and exacerbated a closed head injury she

sustained from previous falls causing her intense pain and suffering and ultimately her death.

WHEREFORE, Susan Rolens, Individually and as Special Administrator of the Estate of Mary Dell Whitsell, deceased, prays for judgment against the Defendant, Stearns Nursing & Rehabilitation Center, LLC, in an amount in excess of $50,000.00 including reasonable attorney fees and costs to which Plaintiff is entitled pursuant to 210 ILCS 45/3-602, and for such other and further relief as the Court deems just and proper in these circumstances.

<u>COUNT II</u>
**(Stearns Nursing & Rehabilitation Center, LLC – Wrongful Death)**

18.   Plaintiff incorporates all general allegations by reference as if pleaded herein in full.

19.   As a direct and proximate result of one or more of the Defendant's statutory violations, Mary Dell Whitsell fell and sustained a closed head injury causing her intense pain and suffering and ultimately her death.

20.   Mary Dell Whitsell left surviving her various persons who were her next of kin, including but not limited to, Susan Rolens, daughter, and Debbie Mendoza, daughter.

21.   Mary Dell Whitesell's next of kin suffered injuries as a result of her death, including the loss of companionship and society.

22.   Mary Dell Whitsell's next of kin suffered unnecessary and significant grief and sorrow due to the nature of Decedent's death.

WHEREFORE, Susan Rolens, Individually and as Special Administrator of the Estate of Mary Dell Whitsell, deceased, prays for judgment against the Defendant, Stearns Nursing & Rehabilitation Center, LLC, in an amount in excess of $50,000.00 and for such other and further relief as the Court deems just and proper in these circumstances.

## COUNT III
### (Aurora Cares, LLC d/b/a Tara Cares, LLC - Negligence)

23.    Plaintiff incorporates all general allegations by reference as if pleaded herein in full.

24.    At all relevant times, Defendant was the management company for Stearns Nursing & Rehabilitation Center, LLC.

25.    At all relevant times, Defendant, by and through its agents, servants and/or employees, whether actual or apparent, had a duty to possess and apply the skill and knowledge of a reasonably well-qualified nursing home management company and to treat Mary Dell Whitsell.

26.    Disregarding its duty, Defendant, by and through its agents, servants and/or employees, whether actual or apparent, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a)    Failure to ensure that the nursing facility was adequately staffed with qualified and licensed medical professionals to provide adequate care for the resident;

(b)    Failure to appropriately hire adequately trained staff;

(c)    Failure to ensure that the facility has sufficient nursing staff to provide nursing and related services to maintain the highest practicable physical, mental and psychological well-being of each resident, and

(d)    Failure to ensure the policies and procedures of the facility regarding resident care plans were implemented by the nursing staff.

27.    As a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of this Defendant, Mary Dell Whitsell received care and treatment below the standard of care, constituting negligence.

28.    As a result of Defendant's negligence, Mary Dell Whitsell fell on or about January 30, 2021 Mary Dell Whitsell and exacerbated a closed head injury she sustained from

previous falls causing her intense pain and suffering and ultimately her death.

WHEREFORE, Susan Rolens, Individually and as Special Administrator of the Estate of Mary Dell Whitsell, prays for judgment against the Defendant, Stearns Nursing & Rehabilitation Center, LLC, in an amount in excess of $50,000.00 and for such other and further relief as the Court deems just and proper in these circumstances.

## COUNT IV
### (Aurora Cares, LLC d/b/a Tara Cares, LLC – Wrongful Death)

29.     Plaintiff incorporates all general allegations by reference as if pleaded herein in full herein.

30.     At all relevant times, Defendant was the management company for Stearns Nursing & Rehabilitation Center, LLC.

31.     At all relevant times, Defendant, by and through its agents, servants and/or employees, whether actual or apparent, had a duty to possess and apply the skill and knowledge of a reasonably well-qualified nursing home management company and to treat Mary Dell Whitsell.

32.     Disregarding its duty, Defendant, by and through its agents, servants and/or employees, whether actual or apparent, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a)     Failure to ensure that the nursing facility was adequately staffed with qualified and licensed medical professionals to provide adequate care for the resident;

(b)     Failure to appropriately hire adequately trained staff;

(c)     Failure to ensure that the facility has sufficient nursing staff to provide nursing and related services to maintain the highest practicable physical, mental and psychological well-being of each resident, and

(d)     Failure to ensure the policies and procedures of the facility regarding resident care

plans were implemented by the nursing staff.

33.     As a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of this Defendant, Mary Dell Whitsell received care and treatment below the standard of care that caused or contributed to her death.

34.     Mary Dell Whitsell left surviving her various persons who were her next of kin, including but not limited to, Susan Rolens, daughter, and Debbie Mendoza, daughter.

35.     Mary Dell Whitesell's next of kin suffered injuries as a result of her death, including the loss of companionship and society.

36.     Mary Dell Whitsell's next of kin suffered unnecessary and significant grief and sorrow due to the nature of Decedent's death.

WHEREFORE, Susan Rolens, Individually, and as Special Administrator of the Estate of Mary Dell Whitsell prays for judgment against the Defendant, Stearns Nursing & Rehabilitation Center, LLC, in an amount in excess of $50,000.00 and for such other and further relief as the Court deems just and proper in these circumstances.

Respectfully Submitted,

**HIPSKIND & MCANINCH, LLC**

By:     /s/ John Hipskind
        John Hipskind, #6296743
        5111 West Main Street
        Belleville, Illinois 62226
        Phone: 618-641-9189
        Fax: 618-551-2642
        john@hm-attorneys.com
        *Attorney for Plaintiff*

## RULE 222 AFFIDAVIT

STATE OF ILLINOIS        )
                                  )    SS.
COUNTY OF ST. CLAIR     )

       John Hipskind, being first duly sworn upon his oath, deposes and states that the damages sought herein do not exceed fifty-thousand ($50,000.00).

                              /s/ John Hipskind