UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SUSAN ROLENS, Individually and as
Special Administrator of the Estate of MARY
DELL WHITSELL, deceased.,

      Plaintiff,

          v.

STEARNS NURSING &
REHABILITATION CENTER, LLC, and
AURORA CARES, LLC d/b/a TARA
CARES, LLC

Case No. 21-cv-00825-JPG

## MEMORANDUM AND ORDER

### I.    Introduction

This matter comes before the Court on Plaintiff Susan Rolens, Individually and as Special Administrator of the Estate of Mary Dell Whitsell, Deceased ("Plaintiff") Motion for Leave to File her First Amended Complaint to Add Defendants and Amend Existing Allegations. (Doc. 34). Plaintiff filed her motion on November 21, 2022. The same day Plaintiff filed a motion to remand this case to the Third Judicial Circuit Court of Madison County. (Doc. 35). Defendants Stearns Nursing and Rehabilitation Center, LLC and Aurora Cares, LLC, d/b/a Tara Cares ("Defendants") responded for the motion for leave to amend on December 16, 2022. (Doc. 36). Plaintiff filed her reply on December 21, 2022. (Doc. 37). There is also a pending motion for summary judgment that is fully briefed. (Docs. 22, 26, 31). The Court held an in-person hearing on Plaintiff's Motion for Leave to File a First Amended Complaint and Motion to Remand on January 26, 2023.

### II.    Background

Plaintiff in this case initially filed her complaint against the above-mentioned defendants for claim pursuant to Illinois Nursing Home Care Act, 210 ILCS 45/1-101 et. Seq., Illinois Survival

1

Act, 755 ILCS 5/27-6, and Illinois Wrongful Death Act, 740 ILCS 180/1, et seq., for Defendants' failures to implement fall prevention policies, procedures, and safeguards, which caused Mary Dell Whitsell to suffer numerous falls resulting in significant, debilitating injuries, which Plaintiff alleges proximately caused her death on January 30, 2021. Defendants remanded the matter under diversity jurisdiction to this Court. (Doc. 1).

On September 7, 2022, Defendants filed a motion for summary judgment based on Plaintiff's failure to timely disclose an expert qualified to opine on the standard of care. (Doc. 22). Specifically, Defendants argued that Plaintiff only timely disclosed a medical doctor as an expert, and he was not qualified to testify regarding the nursing standard of care. Upon motion of Plaintiff's Motion to Modify the Court's Scheduling Order (Doc. 25), where Plaintiff requested additional time to endorse their experts, the Court granted the motion and tabled the pending motion for summary judgment.

Now Plaintiff is seeking leave pursuant to FRCP 15 to add individual nurses as defendants. Additionally, Plaintiff is requesting to add common law negligence claims pursuant to the Survival Act of Illinois against existing Defendants, amend allegations to existing claims, and add common law medical negligence claims under the Survival Act of Illinois and Wrongful Death Act of Illinois against the four new proposed nurse defendants. These nurses are residents of Illinois, as is Plaintiff, which would destroy diversity jurisdiction and require this Court to remand this action to state court. Defendants, responding 11 days after their response was due, argues this Court should deny the motion because this is an improper attempt to defeat diversity.

The Court conducted hearing to hear the arguments of counsel on January 26, 2023. The Court considered the arguments made during hearing and briefing. The Court now turns to the specifics of this case.

2

### III.    Analysis

In general, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "There is a presumption that a plaintiff should have an opportunity to test a claim on the merits," *Lee v. N.E. Ill. Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1052 (7th Cir. 2019), so "the court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2); see also *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (reversing denial of leave to amend by citing to Rule 15(a)(2)'s mandate to freely give leave to amend and stating "this mandate is to be heeded").

There is "[g]ood cause" to file an amended complaint "when it is reasonable that new claims are only recognized after filing an initial complaint." *Luckett v. Conlan*, 561 F.Supp.2d 970, 976 (N.D.Ill. 2008). Leave to amend should be freely given " '[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment.' " *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (quoting *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Ultimately, " '[t]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court.' " *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir.2002)).

Defendants argues that this Court should not grant leave because it amounts to fraudulent joinder. When joinder of a nondiverse party would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies and provides the district court two options: (1) deny joinder, or (2) permit joinder and remand the action to state court. *See Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482,

1486 (7th Cir. 1996). These are the only options; the district court may not permit joinder of a nondiverse defendant and retain jurisdiction. *Schur v. L.A. Weight Loss Centers*, Inc., 577 F.3d 752, 759 (7th Cir. 2009).

The Seventh Circuit directs district courts to apply several factors to determine whether post-removal joinder of a nondiverse party is appropriate. (1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations. *Id*. Fraudulent joinder is difficult to establish— a defendant must demonstrate that, "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Id*. at 764 (internal citations omitted).

Fraudulent joinder is difficult to establish—a defendant must demonstrate that, "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc*., 959 F.2d 69, 73 (7th Cir. 1992). The question before the Court, therefore, is whether there is "any reasonable possibility" that a plaintiff could prevail against the non-diverse defendant. *Id*. Defendants face a "heavy burden" to demonstrate joinder is "fraudulent"[1]. *Schur*, 577 F.3d at 764 (suggesting some courts state the burden is more favorable to the plaintiff than the standard under a motion to dismiss under FRCP 12(b)(6)).

Before evaluating the factors, the Court will address the timeliness of Defendants' response. Pursuant to the U.S. District Court Southern District of Illinois ("SDIL-LR"), all motions

---

[1] The Seventh Circuit in *Schur* notes in a footnote that this term is a bit of a misnomer – "improper joinder" is a more apt name. *Schur*, 577 F.3d at 763 n.9.

*other than* a motion to remand[2], judgment on the pleading, summary judgment, to suppress, and post-trial motions, shall have 14 days after service of the motion to file a written response. "Failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." SDIL-LR 7.1(g). Therefore, any opposition or response to Plaintiff's motion was due December 5, 2022. Defendants filed their response on December 16, 2022. Defendants' response is not timely. Plaintiff asks this Court not to consider Defendants' untimely response and grant the motion. While the Court is fully within its discretion to strike Defendants' response and consider the lack of timeliness an admission on the merits, the Court will not do so. While Defendants do not provide good cause justification for failure to respond by the time prescribed by this Court's local rules, nor did so at the hearing on January 26, 2023, the Court will consider the merits of Defendants' response. Additionally, Plaintiff does not argue that it is substantially prejudiced by Defendants' untimely response.

The Court will address the first and second factors together. Regarding the motive of Plaintiff's request, Defendants argue that "the sole reason for Plaintiff to add the four nurses is to defeat Federal Jurisdiction." (Doc. 36 at 4). In support, Defendants argue that Plaintiff has had the names of these four nurses and their entries prior to filing this complaint in state court and the removal of this case to federal court in July 2021. In response Plaintiff argues that Plaintiff has "[p]otential strategic reasons" to have individually named defendant including "trial strategy and additional sources of recovery." (Doc. 37 at 4). Additionally, Plaintiff indicates that Illinois, where this case would be remanded, is a joint and several liability state, which could give Plaintiff additional potential sources of recovery. *Id*. at 4. While "an extensive delay between removal and

---

[2] Plaintiff also filed a motion to remand contemporaneously with its motion for leave to file amended complaint, which has a 30-day response period. The Court understands Defendants' confusion but if Defendants required a 30-day response period to address both motions, a motion for extension of time is warranted.

a motion to amend typically weighs against permitting joinder." *Schur*, 577 F.3d at 767, Plaintiff

urges the Court to look at the statute of limitations in this case, which expire on January 30, 2023.

While the Court agrees with Defendants that substantial time has passed, the Court must weigh

that against Plaintiff's desire to make strategic decisions in its case, as well as being mindful of

the statute of limitations.[3] Plaintiff also expounded on additional strategic reasons during the

hearing on January 26. Specifically, Plaintiff notes that naming defendants allows greater witness

control for plaintiff's prosecution and their case-in-chief at trial in light of nurses' transient work

behavior in the nursing field. In fact, Defendants' counsel noted some of the nurses are no longer

employed with Defendants.[4] The Seventh Circuit asks trial courts to resolve all issues of law and

fact in Plaintiff's favor. These two factors weigh in favor of joinder.

The next factor is whether the Plaintiff will be significantly injured if joinder not allowed.

Here, Plaintiff indicates that the two-year statute of limitations, which will run until January 30,

2023, demonstrates significant injury if the Court does not grant the amendment. Defendants argue

that the nurses were all employed by Stearns Nursing and Rehabilitation Center, LLC and therefore

"that entity would be vicariously liable for any negligence by those individuals." (Doc. 36 at 4-5).

Plaintiff responds and indicates that denying leave would truncate her statutory right to bring an

injury lawsuit and force Plaintiff to file a separate lawsuit in a separate forum, which would entail

---

[3] The Court notes Plaintiff recently gained new counsel to assist with the breadth of this case, which was the subject of a recent extension in this Court regarding time to complete discovery. This may provide an explanation for why new strategic decisions are recently being made. (Docs. 32, 33). Additionally, Plaintiff informed the Court discovery took many months in this case in light of the volume and the Plaintiff had even sought an extension of time to conduct discovery.

[4] Defendants made an argument during the hearing that the statute of limitations have run against those certain defendants because some nurses left before Mary Whitsell passed away on January 30, 2021, and therefore any claim against those defendants cannot be sustained. This argument was not made in the brief and courts generally do not allow new arguments to be made during oral argument. *Zinniel v. Comm'r*, 883 F.2d 1350, 1355 n.8 (7th Cir. 1989) ("a litigant may not raise new arguments during oral argument."). However, as stated by Plaintiffs, the Wrongful Death Act provides a decedent's representative would have tear years from the death of an individual to commence an action. *Brooks v. HSHS Med. Grp., Inc.*, 513 F. Supp. 3d 1069, 1077 (S.D. Ill. 2021) ("period of limitations is stayed until the disability is removed.").

an inefficient handling of this matter. (Doc. 37 at 4-5). Defendants do not address Plaintiff's argument regarding the expiration of statute of limitations.

In Illinois, "when an injury results from the actions of several parties, "the entire liability attaches jointly and severally, each tortfeasor being responsible for the whole amount ... with a corresponding right to sue the other tortfeasors for contribution." *Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, 42 F.4th 688, 694 (7th Cir. 2022). The doctrine of vicarious liability allows an accident victim to hold an employer liable for the tortious acts that its employees commit in the course and scope of employment. *McQueen v. Green*, 2022 IL 126666, ¶ 37. These two theories are distinct, whereby joint and several liability would allow a party to attach liability whereby each tortfeasor is responsible for the whole amount. Again here, the Seventh Circuit asks this Court to resolve all issues of fact and law in favor of Plaintiffs, which this Court will do. Here, Defendants do not meet their burden to show how Plaintiff would not be injured because of their inability to attach liability joint and severally to the potential nurse defendants.

Next, Plaintiff argues, and this Court agrees, that Defendants have failed to discuss or meet their burden whether there is "any reasonable possibility" that a plaintiff could not prevail against the non-diverse defendant. Defendants state the applicable rule but fail to address how Plaintiff could not prevail against the non-diverse defendants. (Doc. 36 at 4). Defendants' briefs failed to address Plaintiff's main contentions in support of allowing the joinder, and do not meet their burden to show there is no reasonable possibility plaintiff could prevail against the non-diverse defendants. Defendants made an additional argument at the hearing on January 26, 2023, that was not contained in their briefs before this Court. Specifically, Defendants argue that Plaintiff cannot support a meritorious claim against proposed nurse defendants because Plaintiff's affidavit was conducted by a medical doctor, whom they argue is an incorrect expert to opine on the standard of

7

care. First, as stated above, the Court need not consider new arguments made during oral argument that was not contained in the briefing. *Zinniel,* 883 F.2d at 1355 n.8. Second, the Court agrees with Plaintiff that 735 ILCS 5/2-622, the affidavit Plaintiff submitted in support of its motion for leave, is, was properly done so by a physician. *Hull v. S. Illinois Hosp. Servs*., 356 Ill. App. 3d 300, 304, 826 N.E.2d 930, 933 (2005) ("In the [735 ILCS 5/2-622] affidavit, the plaintiff's attorney must affirm that a qualified, licensed physician has reviewed the case and determined that there is a reasonable and meritorious cause for the filing of the action."). Therefore, Plaintiff's support that there are meritorious claims against the proposed nurse defendants are properly made.

The Court finds Plaintiff has demonstrated "good cause" for adding the nurse defendants and the law mandates courts to give leave to amend freely. Additionally, Defendants have failed to establish Plaintiff's request to add non-diverse defendants was fraudulent joinder.

Because the Court will grant the Plaintiff's amendment, this action belongs in state court because federal court no longer has subject matter jurisdiction. The Court notes that Stearns Nursing & Rehabilitation Center is located in St. Clair County, Illinois, and therefore venue would be proper in St. Clair County. (Doc. 1, Ex. A at ¶ 3). While Plaintiff's Motion requested a remand to Madison County, Plaintiff indicated it had no objection to this Court remanding this case to St. Clair County during hearing on January 26.

For these reasons, the Court **GRANTS** Plaintiff's Motion for Leave to File First Amended Complaint to Add Defendants and Amend Existing Allegations. Because the additional defendants destroy diversity jurisdiction, the Courts **GRANTS** Plaintiff's Motion to Remand, but **REMANDS** this case to St. Clair County Circuit Court pursuant to § 1447(c) (Doc. 35). The Court **DIRECTS** the Clerk of the Court to **TERMINATE** the pending Motion for Summary Judgment

(Doc. 35) and directs the parties to refile the motion in state court with appropriate state procedural

summary judgment law.


**IT IS SO ORDERED.**
**Dated: January 27, 2023**

                                                    <u>/s/ J. Phil Gilbert</u>
                                                    **J. PHIL GILBERT**
                                                    **DISTRICT JUDGE**